IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAY 16 2016

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | | |
|---|---|---|
| BRAD ALBERT, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| AMERICAN FAMILY INSURANCE | * | |
| AMERICAN FAMILY INSURANCE | * | CIVIL ACTION FILE NO. |
| COMPANY, AMERICAN FAMILY | * | |
| MUTUAL INSURANCE COMPANY, | * | 1:14-CV-01112-ELR-GGB |
| AMERICAN STANDARD INSURANCE | * | |
| COMPANY OF WISCONSIN, and | * | |
| AMERICAN FAMILY LIFE | * | |
| INSURANCE COMPANY, | * | |
| | * | |
| Defendants. | * | |

### AMENDMENT TO OPPOSITION TO MOTION

### I. Undisputed Facts

The ProSe, Plaintiff had agreed to dismiss this case against American Family Insurance (Defendant) because Defendant agreed to pay Plaintiff $85,000 plus Plaintiff's portion of the mediator's fee. Both parties agreed to this Settlement on March 17, 2016. (44-1 Filed 04/20/16, exhibit 1, Page 9 of 36).



American Family paid the Mediator Fees as agreed on March 25, 2016. (Document 44-1 Filed 04/20/16, exhibit 6, Page 20 of 36).

After Defendant offer, Plaintiff's acceptance, Defendant paying part of its consideration to the mediator then Defendant had a change of heart and wanted to add new promises, general release and restrictions placed on Plaintiff. (Emphasis Added) The new additional promises, general release and restrictions placed on Plaintiff did not start being drafted until March 29, 2016: "Following the agreement to settle, counsel for Plaintiff and Defendants negotiated and agreed upon the terms of a settlement agreement. By e-mail dated March 31, 2016 counsel for Plaintiff indicated that he "only [had] a couple of issues" with the Written Settlement Agreement which had been prepared by Defendants' counsel and e-mailed to Plaintiff's counsel on March 29, 2016." (Document 44-2 Filed 04/20/16 Page 4 of 13, second full paragraph).

March 31, 2016 was the last day for discovery.

Plaintiff had never knew of or agreed to any new promises, general release and restrictions in American Family's Settlement Agreement and restrictions as of 9:30 A.M. April 6, 2016 (Document 46-1 Filed 04/25/16, exhibit E and F, Page 8 of 14). At 10:18 A.M. April 6, 2016 After Plaintiff

objected to new promises and changes to the March 17, 2016 agreement, former Plaintiff attorney Thomas C. Wooldridge admits the American Family's Settlement Agreement has not been completed and "We're bickering about some of the language…" (Document 46-1 Filed 04/25/16, exhibit G, Page 8 of 14).

Plaintiff had never known of or agreed to the new additional promises, restrictions including a "Complete Release" in American Family Settlement Agreement (Document 44-1 Filed 04/20/16, number 6, Page 27 – 28 of 36). <u>Prior to even knowing there was a "Complete Release" in American Family's Settlement Agreement, Plaintiff emailed former attorney Thomas C. Wooldridge "I refuse to seal any inform or give up any claims against amfam"</u> (Document 46-1 Filed 04/25/16, Exhibit E, Page 8 of 14) a working day before the Settlement Agreement was finished.

Plaintiff also has never agreed that "Albert acknowledges and agrees American Family has always considered him an independent contractor and not an employee of the Company." (Document 44-1 Filed 04/20/16, exhibit 9, number 2, Page 26 of 36).

## II. Additional reason not to hold Plaintiff to a new additional promises, general release and restrictions

American Family has already made American Family's Settlement Agreement public record by publishing the Settlement Agreement on PACER (Exhibit Document 44-1 Filed 04/20/16 Page 26 – 30 of 36). American Family added a Confidentiality Clause in its Settlement Agreement which Plaintiff never agreed (Document 44-1 Filed 04/20/16, number 5, Page 27 of 36). Several of Plaintiff's former American Family employee agent Colleagues having seen American Family's Settlement Agreement on PACER have already called Plaintiff to discuss the case. Plaintiff should not be penalized $5,000.00 when American Family's employee agents are calling Plaintiff to discuss the case.

### III. Conclusion

For all the reasons listed above, the Plaintiff requests the Honorable Judge holds American Family Insurance to the original undisputed settlement on March 17, 2016 that all the parties have agreed to. The March 17, 2016 settlement would give the Plaintiff receives $85,000 from Defendant and Defendant pays Plaintiff's mediation expenses. The Plaintiff requests the Honorable Judge remove all the Defendant new promises, general release and restrictions Defendant submitted in American Family Insurance's Settlement Agreement without Plaintiff's knowledge or agreement because Defendant had a change of heart. Defendant's new

promises, general release and restrictions which were created after Defendant's offer, Plaintiff's acceptance and Defendant paid part of its consideration to the mediator. Plaintiff without knowing Defendant's new promises, general release and restrictions emailed his attorney Thomas C. Wooldridge and refused to give up the right to sue Defendant prior to American Family's Settlement Agreement being finished. (Document 44-1 Filed 04/20/16, number 6, Page 27 – 28 of 36, Document 46-1 Filed 04/25/16, Exhibit E, Page 8 of 14 and Document 46-1 Filed 04/25/16, Exhibit G, Page 8 of 14).

This 14th day of May, 2016.

Respectfully submitted,

*Bradley J. Albert*

Bradley James Albert
P.O. Box 7971,
Marietta, Ga 30065
770-685-9063

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAY 16 2016

JAMES N. HATTEN, Clerk
By:
            Deputy Clerk

| | | |
|---|---|---|
| BRAD ALBERT, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| AMERICAN FAMILY INSURANCE | * | |
| AMERICAN FAMILY INSURANCE | * | CIVIL ACTION FILE NO. |
| COMPANY, AMERICAN FAMILY | * | |
| MUTUAL INSURANCE COMPANY, | * | 1:14-CV-01112-ELR-GGB |
| AMERICAN STANDARD INSURANCE | * | |
| COMPANY OF WISCONSIN, and | * | |
| AMERICAN FAMILY LIFE | * | |
| INSURANCE COMPANY, | * | |
| | * | |
| Defendants. | * | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Memorandum of Law in Support of Plaintiffs' AMENDMENT TO OPPOSITION TO MOTION was sent this day with the Clerk of the Court for the Northern District of Georgia using the US mail system, and that a true and correct of said document was sent to Jeffrey E. Tompkins (Attorney for Defendants) via United States Mail and electronic mail,

addressed as follows:

Jeffrey E. Tompkins

3355 Main Street,

Atlanta, Ga 30337

J.tompkins@tkstlaw.com

Thomas C. Wooldridge, Esquire

1230 Peachtree Street, Northeast

Suite 1900

Atlanta, Georgia 30309

wooldridge@wjlawoffice.com


This 14th day of May, 2016.

*/s/ Bradley J Albert*

Bradley James Albert

PO Box 7971

Marietta, Ga 30065

770-685-9063

From: Brad Albet
PO Box 7971
Marietta, GA 30065

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**



7015 1660 0000 3653 9745



1000    30303

U.S. POSTAGE
PAID
MARIETTA, GA
30062
MAY 14, 16
AMOUNT
**$3.98**
R2303S102952-07

CLEARED
MAY 16 2016
U.S. Marshals
Atlanta Ga

To: US District Court Clerk
75 Ted Turner Dr. N.W.
Atlanta, GA 30303

**ReadyPost.**

Document Mailer

30303$3303 CO39