FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JAN 1 7 2017

JAMES N. HATTEN, CLERK
S. Clanson
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BRAD ALBERT, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| AMERICAN FAMILY INSURANCE | * | |
| AMERICAN FAMILY INSURANCE | * | CIVIL ACTION FILE NO. |
| COMPANY, AMERICAN FAMILY | * | |
| MUTUAL INSURANCE COMPANY, | * | 1:14-CV-01112-ELR-GGB |
| AMERICAN STANDARD INSURANCE | * | |
| COMPANY OF WISCONSIN, and | * | |
| AMERICAN FAMILY LIFE | * | |
| INSURANCE COMPANY, | * | |
| | * | |
| Defendants. | * | |

## MOTION TO RECUSE

Now comes the above named, Bradley James Albert (Plaintiff) and moves to

recuse Judge Eleanor L. Ross from the above entitled matter under 28 U.S.C. §

144, 28 USCS Sec. 455, and Marshall v Jerrico Inc., 446 US 238, 242, 100 S.Ct.

1610, 64 L. Ed. 2d 182 (1980)

Plaintiff for no particular reason logged on to the Federal Court's PACER website

on Tuesday, January 10, 2017 and to Plaintiff's surprise Judge Eleanor L. Ross had

posted an Order (Doc 68) on a non-normative Monday, January 9, 2017.

After Plaintiff reviewed Judge Eleanor L. Ross's Order Plaintiff concluded it was

abundantly clear Judge Eleanor L. Ross needs to recuse herself from this case

immediately. Recusal is mandatory whenever "'an objective, disinterested, lay

observer fully informed of the facts underlying the grounds on which recusal was

sought would entertain a significant doubt about the judge's impartiality.'" United

States v. Patti, 337 F.3d 1317, 1321 (11th Cir. 2003) (quoting Parker v. Connors

Steel Co., 855 F.2d 1510, 1524 (11th Cir. 1988)).

Under the Due Process Clause of the United States Constitution, all litigants are

entitled to objective impartiality from the judiciary. In Caperton v. A.T. Massey

Coal Co., 556 U.S. 868 (2009), the United States Supreme Court offered guidance

on this standard. In Judge Eleanor L. Ross's Monday January 9, 2017 ruling Judge

Ross blatantly denies Plaintiff his due process by:

1. Judge Eleanor L. Ross wrote her Order (Doc 68) and posted it to the Court's Pacer website on January 9, 2017 as of this filing, Friday January 13, 2017, the Plaintiff has not received a copy via mail of the Order (Doc 68) at Plaintiff's Marietta Georgia P.O. Box on file with this Court. Judge Eleanor L. Ross chose a non-normal release day for Judge Eleanor L. Ross's Order to post and then had Plaintiff's copy of that Order (Doc 68) held from mailing. Judge Eleanor L. Ross refused to mail Plaintiff's Order to Plaintiff so Plaintiff would not have his due process, Plaintiff would not have had time to Motion for a Recusal of the Court or submit an Appeal notice. This is an unforgivable sin by this Court. This Court refuses to add Plaintiff to its email ruling alert system yet allows Defendants to use so the Defendants don't miss filing dates. This is the identical tactic the Defendant's tried to do to Plaintiff with Doc 59 (Exhibit H2, Document 64 Filed Page 2 of 16) (Emphasis Added)

2. Denying Plaintiff access to his Plaintiff's Client File "cover to cover" wrongfully held, as determined by the Georgia Bar association, (exhibit) by Thomas C. Wooldridge. Judge Eleanor L. Ross intentionally denied Plaintiff access to Plaintiff's evidence and legal resources so plaintiff could

not submit proper evidence for filings to the Eleventh Circuit Appeals Court for this case.

3. Using a non-party, Thomas C. Wooldridge's continual filings against Plaintiff. Judge Eleanor L. Ross relied heavily on an affidavit and filings from Thomas C. Wooldridge in Judge Eleanor L. Ross's Monday January 9, 2017 ruling. Judge Eleanor L. Ross needed the affidavit statements from a confidential and the hearsay statements in the affidavit used by Judge Eleanor L. Ross from Thomas C. Wooldridge was submitted to the Court after Thomas C. Wooldridge was removed from this case as Plaintiff's attorney by the Court.

4. Violating Federal laws on the Confidentially of Mediations and hearsay as the basis for Judge Ross's rulings. Federal Rule of Civil Procedure 26(c) CONFIDENTIALITY ORDERS AND AGREEMENTS parties may negotiate and consent to the terms of a private confidentiality agreement (Exhibit G7, Doc 60 Page 3 and 4 of 12)

5. Judge Eleanor L. Ross violating Federal Rules of Evidence Article VIII. Hearsay Rule 802. Judge Eleanor L. Ross could only rule against the Plaintiff by using in Judge Eleanor L. Ross's Monday, January 9, 2017 Order that Jeffrey E. Tompkins's affidavit stating Mr. Tompkins heard Thomas C. Wooldridge say during a confidential mediation was admissible. (Exhibit G7, Doc 60 Page 3 and 4 of 12)

6. Judge Eleanor L. Ross using willful blindness by not holding Defendant's accountable for intentionally not paying a legitimate $22,500 Business Owners Policy (BOP) claim during this suit so Plaintiff could not afford the expert witness Plaintiff's attorney required to prove to the Court the four million dollar value of Plaintiff's insurance book of business. (exhibit 19, Document 46-1 Filed Page 7 of 14 exhibit C, Document 46-1 Filed Page 10 of 14 exhibit I , see doc 28)

## CONCLUSION

For all the reasons listed above the Plaintiff respectfully demands Judge Eleanor L. Ross to recuse herself from this case immediately. The United States Constitution guarantees an unbiased Judge who will always provide litigants with full protection

of ALL RIGHTS. 28 U.S.C. § 455. "Disqualification of justice, judge, or magistrate judge (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned".

Judge Eleanor L. Ross's non-normative Monday, January 9, 2017 Order casts a damming image on every Federal Judge. Therefore, Plaintiff respectfully demands Judge Eleanor L. Ross recuse herself in light all the indisputable facts above detailing prior unethical and/or illegal conduct or conduct which gives Plaintiff good reason to believe Judge Eleanor L. Ross cannot hear or rule in the above case in a fair and impartial manner.

This 13 th day of January, 2017.

Respectfully submitted,

Bradley James Albert

P.O. Box 7971,

Marietta, Ga 30065

770-685-9063

1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BRAD ALBERT,                              *
                                          *
Plaintiff,                                *
                                          *
v.                                        *
                                          *
AMERICAN FAMILY INSURANCE                 *
AMERICAN FAMILY INSURANCE                 *   CIVIL ACTION FILE NO.
COMPANY, AMERICAN FAMILY                  *
MUTUAL INSURANCE COMPANY,                 *   1:14-CV-01112-ELR-GGB
AMERICAN STANDARD INSURANCE               *
COMPANY OF WISCONSIN, and                 *
AMERICAN FAMILY LIFE                      *
INSURANCE COMPANY,                        *
                                          *
Defendants.                               *


**CERTIFICATE OF SERVICE**


The undersigned hereby certifies that a true and correct copy of the

foregoing Memorandum of Law in Support of Plaintiffs' "PLAINTIFF'S

MOTION TO RECUSE" was sent this day with the Clerk of the Court for the

Northern District of Georgia using the US mail system, and that a true and

correct of said document was sent to Jeffrey E. Tompkins (Attorney for

Defendants) via United States Mail and electronic mail, addressed as

follows:

Jeffrey E. Tompkins
3355 Main Street,
Atlanta, Ga 30337
J.tompkins@tkstlaw.com

This 13th day of January, 2017.

Bradley James Albert
PO Box 7971
Marietta, Ga 30065
770-685-9063
Albert.bradley@att.net