[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10310
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-01112-ELR-JKL


BRAD ALBERT,

Plaintiff-Appellant,

versus

AMERICAN FAMILY INSURANCE COMPANY,
AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN,
AMERICAN FAMILY LIFE INSURANCE COMPANY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 8, 2018)


Before WILSON, JORDAN, and EDMONDSON, Circuit Judges.

PER CURIAM:

Brad Albert, who is proceeding <u>pro se</u> on appeal,[1] filed the underlying civil action against American Family Insurance Company, American Family Mutual Insurance Company, American Standard Insurance Company of Wisconsin, and American Family Life Insurance Company's (collectively, "American Family"), alleging employment retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), and state contract law. Following mediation, the parties agreed to settle the case. Albert now appeals from the district court's orders (1) granting American Family's motion to enforce the settlement agreement; (2) granting in part Albert's former lawyer's motion to establish a charging lien; (3) denying Albert's motion to return his case file; and (4) denying Albert's motion to recuse. No reversible error has been shown; we dismiss in part and affirm in part.

## I.

Albert challenges the district court's order enforcing the settlement agreement. We will set out the pertinent facts. On 16 March 2016, Albert and American Family engaged in mediation. At the conclusion of the mediation,

---

[1] We construe liberally <u>pro se</u> pleadings. <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998).

American Family offered to settle the case for $85,000 plus Albert's share of the mediator's fees.

On 17 March, the parties' lawyers spoke several times to discuss settlement. Albert's lawyer (Wooldridge) ultimately told American Family's lawyer (Tompkins) that Albert had agreed to accept American Family's offer. Wooldridge then sent an email to Tompkins confirming that Albert would accept American Family's settlement offer of $85,000 plus mediation costs. On 25 March, American Family paid in full the mediation bill, including Albert's portion.

On 29 March, Tompkins emailed Wooldridge a draft Settlement Agreement and General Release. Among other things, the draft agreement included a general release by Albert of all claims against American Family. Wooldridge responded by email on 31 March with two proposed revisions, including that the general release be made mutual. In conclusion, he said "If these changes are acceptable, please go ahead and make them and get a finalized version back to me next week." On 6 April, Tompkins emailed Wooldridge a revised version of the Settlement Agreement and General Release that incorporated Wooldridge's requested revisions.

Wooldridge then presented the final Settlement Agreement and General Release to Albert. Albert, however, refused to sign it. Instead, Albert instructed

Wooldridge to counter for $3 million.  Albert then terminated Wooldridge's representation.

On 10 April, Albert notified Tompkins by email that Wooldridge had been terminated.  The same day, Wooldridge also called Tompkins and advised that his representation had been terminated.

American Family then moved to enforce the settlement agreement.  The magistrate judge recommended granting the motion.  Applying Georgia law, the magistrate judge determined that Wooldridge had apparent authority to settle the case and to bind Albert.  The magistrate judge concluded that the parties reached an agreement to settle the case and that the terms of the settlement are set forth in the final Settlement Agreement and General Release.  The district court adopted the magistrate judge's recommendation and granted the motion to enforce the settlement agreement.

We review a district court's order enforcing a settlement agreement under an abuse-of-discretion standard.  Hayes v. Nat'l Serv. Indus., 196 F.3d 1252, 1254 (11th Cir. 1990).  The construction and enforceability of a settlement agreement is governed by state law.  Id.

"Under Georgia law an attorney of record has apparent authority to enter into an agreement on behalf of his client and the agreement is enforceable against the client by other settling parties."  Brumbelow v. N. Propane Gas Co., 308 S.E.2d

544, 546 (Ga. 1983).  This apparent authority "may be considered plenary unless it is limited by the client and that limitation is communicated to opposing parties." Id.  "[I]n the absence of knowledge of express restrictions on an attorney's authority, the opposing party may deal with the attorney as if with the client, and the client will be bound by the acts of his attorney within the scope of his apparent authority."  Id.

As an initial matter, Albert does not dispute that some settlement was in fact reached; Albert contests only the terms of the settlement.  He argues that the settlement is limited to the terms agreed upon on 17 March.  According to Albert, terms agreed to later by Wooldridge -- including the general release of all claims -- were added without authority and are no part of the settlement agreement.

The district court abused no discretion in determining that Wooldridge had apparent authority to settle the case on behalf of Albert.  Wooldridge was Albert's attorney-of-record and had represented Albert throughout the course of the underlying litigation and at the mediation.  Before 10 April, nothing was communicated to American Family that would put American Family on notice that Wooldridge's authority to settle the case was limited or restricted in any way. Under Georgia law, American Family was thus entitled to rely on Wooldridge's apparent authority to settle the case and authority to bind Albert to the terms of the settlement agreement.  See Brumbelow, 308 S.E.2d at 546.

5

The district court also abused no discretion in determining that the final

version of the Settlement Agreement and General Release represented the terms of

the parties' settlement.  Generally speaking -- where a dispute exists about the

terms of an agreed-upon settlement -- the agreement is binding on the client only

when the agreement is in writing.  Id. at 547.  In the absence of a signed

agreement, "letters or documents prepared by attorneys which memorialize the

terms of the agreement reached will suffice."  Id.; Johnson v. DeKalb Cnty., 726

S.E.2d 102, 106 (Ga. Ct. App. 2012) (relying on emails between the parties'

lawyers as sufficient to memorialize the essential terms of the parties' settlement

agreement).

Here, the district court relied properly on emails sent between Wooldridge

and Tompkins as the lawyers negotiated the details of the settlement.[2]  While

acting within the scope of his apparent authority, Wooldridge agreed expressly to

the terms of the proposed Settlement Agreement and General Release, with the

exception of two proposed revisions -- both of which were then accepted and

incorporated by Tompkins.  Although the final Settlement Agreement and General

---

[2] We reject Albert's contention that the district court erred in considering statements made in the
lawyers' emails and affidavits.  In deciding a motion to enforce a settlement agreement (as with a
motion for summary judgment) a court may consider "the documents, affidavits, depositions and
other evidence in the record" to determine whether a genuine issue of material fact exists.  Walls
v. Walls, 580 S.E.2d 564, 566 (Ga. Ct. App. 2003); see also Jones v. UPS Ground Freight, 683
F.3d 1283, 1293-94 (11th Cir. 2012) ("a district court may consider a hearsay statement in
passing on a motion for summary judgment if the statement could be reduced to admissible
evidence at trial or reduced to admissible form.").  Moreover, nothing evidences that the district
court relied on statements made in violation of the mediation's confidentiality agreement.

Release remained unsigned, it memorialized the terms already agreed upon

expressly by the parties' lawyers and constituted the final written product of the

settlement negotiation.  See Cumberland Contractors, Inc. v. State Bank & Tr. Co.,

755 S.E.2d 511, 518-19 (Ga. Ct. App. 2014) (enforcing the terms of an unsigned

settlement agreement where the parties had already agreed to the essential terms

via email, and noting that "the parties' failure to follow through with the agreement

did not negate the existence of the agreement or render it unenforceable").

As a matter of Georgia law, Albert is bound by the terms agreed to by

Wooldridge as set forth in the Settlement Agreement and General Release.  We

affirm the enforcement of the settlement agreement.


II.


Albert next challenges the district court's order granting in part and denying

in part Wooldridge's motion for a charging lien.[3]  Shortly after Albert terminated

Wooldridge's representation, Wooldridge moved the district court to establish an

attorney's charging lien.  Albert filed no opposition to Wooldridge's motion.  The

district court granted Wooldridge's request to have American Family deposit into

---

[3] We reject Albert's contention that the district court erred in permitting Wooldridge to file
documents with the court -- including a motion for a charging lien and responses to Albert's
motion for the return of his case file -- after Wooldridge was no longer Albert's attorney-of-
record.

the court's registry the $85,000 settlement amount.  But the district court denied

without prejudice Wooldridge's request for a 20% disbursement, concluding that

insufficient evidence existed about the terms of Wooldridge's fee agreement with

Albert.  The district court later decided to postpone making a determination about

the proper distribution of the settlement proceeds until after Albert's appeal before

this Court is resolved.  After all, the entire settlement was being attacked on

appeal.

Although Albert's arguments to us about the charging lien are not entirely

clear, we have construed liberally his appellate brief.  To the extent Albert

challenges the district court's order directing the full $85,000 settlement amount to

be deposited into the court's registry, the district court abused no discretion.

Pursuant to Fed. R. Civ. P. 67(a), "[i]f any part of the relief sought is a money

judgment or a disposition of a sum of money . . . , a party . . . may deposit with the

court all or part of the money."  "The 'core purpose' of the rule is to 'relieve a

party who holds a contested fund from responsibility for disbursement of that fund

among those claiming some entitlement thereto.'"  Zelaya/Capital Int'l Judgment,

LLC v. Zelaya, 769 F.3d 1296, 1302 (11th Cir. 2014).  Given the existence of

disputes both about the enforceability of the settlement itself and about the amount

of attorney's fees to which Wooldridge was entitled, we cannot say that the district

court abused its discretion in directing American Family to deposit with the court the full settlement award.[4]

Albert's second (and chief) argument on this issue seems to be that the district court erred in its award of attorney's fees by failing to consider properly the fee-split arrangement between Albert and Wooldridge. The district court, however, has made no determination about the amount of Wooldridge's fees due from the settlement proceeds. The district court explained that it will address that issue only after the conclusion of this appeal. Because no final award of attorney's fees has been issued, we dismiss as premature Albert's argument. <u>Cf. Mekdeci v. Merrell Nat'l Labs</u>., 711 F.2d 1510, 1523 (11th Cir. 1983) (concluding that the court lacked jurisdiction to review an order awarding costs where the amount of the award had not yet been determined).

## III.

The district court committed no error in denying Albert's motion to have Wooldridge return his case file. Wooldridge -- who represented Albert in the underlying action and ultimately negotiated a settlement on Albert's behalf -- was entitled to withhold the case file until his payment was satisfied. <u>See</u> O.C.G.A.

---

[4] We also note that Wooldridge's motion was unopposed by Albert.

§ 15-19-14(a) (an attorney "shall have a lien on all papers and money of their clients in their possession for services rendered to them" and "may retain the papers until the claims are satisfied. . . ."). A lawyer may not withhold a client's file as security for unpaid fees, however, if doing so would prejudice the client's ongoing suit. <u>Mary A. Stearns, P.C. v. Williams-Murphy</u>, 587 S.E.2d 247, 251 (Ga. Ct. App. 2003). Because Wooldridge provided Albert with copies of documents pertinent to this appeal (documents relating to the mediation and settlement agreement), Albert suffered no prejudice by Wooldridge's retention of the remainder of the case file (documents pertaining to the merits of Albert's underlying Title VII action) pending payment for services rendered.

IV.

Albert also contends that the district court erred in failing to hold American Family "accountable for interfering with Appellant's Due Process in this case by intentionally not paying a legitimate $22,500 Business Owners Policy (BOP) claim." Albert argues that American Family's failure to pay his BOP claim limited his ability to litigate the underlying action because Albert was unable to afford an expert witness.

The district court declined to consider Albert's argument about the BOP claim, concluding that the argument was not raised properly before the magistrate judge and was frivolous.  Because Albert's alleged BOP claim was not pertinent to the enforceability of the settlement agreement, the district court committed no error in declining to address the claim.

## V.

Albert argues that the district court judge abused her discretion by denying Albert's motion to recuse.  Albert alleges that the district court judge failed intentionally to mail him a copy of her order granting American Family's motion to enforce the settlement agreement.

We review for abuse of discretion a district court judge's decision not to recuse herself.  United States v. Amadeo, 487 F.3d 823, 828 (11th Cir. 2007).  We will affirm a judge's refusal to recuse unless "the impropriety is clear and one which would be recognized by all objective, reasonable persons."  United States v. Bailey, 175 F.3d 966, 968 (11th Cir. 1999).

A district court judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or where "he has a personal bias or prejudice concerning a party."  28 U.S.C. § 455(a), (b)(1).  "Bias sufficient to

disqualify a judge under section 455(a) and section 455(b)(1) must stem from extrajudicial sources, unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties." <u>Bailey</u>, 175 F.3d at 968 (quotations omitted).  Rulings adverse to a party generally do not constitute pervasive bias.  <u>Liteky v. United States</u>, 510 U.S. 540, 555 (1994).

The district court judge abused no discretion in denying Albert's motion to recuse.  Albert has failed to demonstrate either bias stemming from extrajudicial sources or that the district court judge's orders showed such pervasive bias that he was unfairly prejudiced.  <u>See Liteky</u>, 510 U.S. at 555; <u>Bailey</u>, 175 F.3d at 968. Albert's contention that the district court's order was not timely mailed is insufficient to convince all objective, reasonable persons that a bias existed. Moreover -- because Albert in fact accessed the pertinent order online the day after it was issued -- he has shown no prejudice.

DISMISSED IN PART; AFFIRMED IN PART.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

June 08, 2018

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 17-10310-AA
Case Style: Brad Albert v. American Family Insurance Comp, et al
District Court Docket No: 1:14-cv-01112-ELR-JKL

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against the appellant.

The Bill of Costs form is available on the internet at www.ca11.uscourts.gov

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Tonya L. Searcy, AA at (404) 335-6180.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna Clark
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs