IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRAD ALBERT, )<br>  Plaintiff, ) | Civil Action No.:<br>1:14-cv-1112 ELR-JKL |
| v. ) | |
| AMERICAN FAMILY INSURANCE )<br>COMPANY, et al., )<br>  Defendants. ) | |

**REPLY TO BRAD ALBERT'S RESPONSE TO COUNSEL'S MOTION
FOR DISBURSEMENT OF ATTORNEY FUNDS**

Now Comes Undersigned attorney, and submits this Reply to Brad Albert's Response to Counsel's Motion to Disburse Attorney Funds. Mr. Albert's response, and both Albert brother affidavits, run the gauntlet of false statements and intentional dishonesty and should not be relied upon by the Court.

**<u>Overview</u>**

Mr. Albert does not challenge whether the agreement between the parties was for counsel to bill at $150.00 per hour and collect a 20% contingency on any settlement. Rather, Mr. Albert avers there was another agreement, on top of the fee split agreement, which required my firm to give him $10,000.00 to offset the tax consequences of the settlement.

1

Mr. Albert does not explain why the e-mails do not contain any reference to this agreement nor does he explain why I would agree to give him a specific dollar amount at the beginning of a case to offset an amount of taxes for attorney fees that could not be known at that time. He lacks credibility in every way.

I.  **Mr. Albert's Arguments Regarding the Client File and Attorney-Client Privilege Are Meritless.**

Mr. Albert argues I should not be able to use documents from his client file to support my disbursement motion because he does not have access to that client file and because it violates attorney-client privilege. Doc. 92, ¶ 2.

Mr. Albert is mistaken for many reasons. First, Mr. Albert has already made these arguments in his previous motion to return his client file. Doc. 56. The arguments were rejected by Magistrate Judge Larkins, District Court Judge Ross, and the Eleventh Circuit Court of Appeals. To the extent the Court entertains his arguments, they fail for many reasons, not the least of which is that Mr. Albert has not asked for any documents from his client file in years. Exhibit-A, Wooldridge Supplemental Affidavit, ¶ 2. The last time he asked for a document, it was provided. *Id*. and Doc. 68, p. 11. If Mr. Albert wants a document from his client file related to the disbursement motion, all he has to do is ask for the document and explain its relevance. Second, the documents used in the motion to disburse are mostly e-mails where he was a sender or recipient. As such, if he were to check

his e-mails, he likely has a copy of all these messages. Third, there is no violation of the attorney client privilege when the client is attempting to exploit the privilege to the detriment of the attorney during a fee dispute. See ABA Model Rule 1.6(b)(5) and Restatement Third of Law Governing Layers §65, stating:

> "A lawyer may use or disclose confidential information relating to the representation when and to the extent that the lawyer reasonably believes necessary to permit the lawyer to resolve a dispute with a client concerning compensation or reimbursement that the lawyer reasonably claims the client owes the lawyer.

Here, Mr. Albert has indicated a promise was made to him to return money as a part of the representation agreement but he complains I should not be able to use the e-mails which document the representation agreement. His interpretation of the limits of attorney-client privilege are not supported by the law nor the rules of professional conduct.

Fourth, the Court ordered undersigned to present a copy of the client agreement or competent evidence of the terms of the arrangement. Doc. 68. n. 4, Judge Ross Order. The emails between the parties, along with the affidavits are the best source of evidence to determine the agreement of the parties.

## II. Mr. Albert's Response Brief and Affidavits Contain Outright Misstatements and Lies.

Mr. Albert's response and affidavits argue there was another provision of the attorney-client arrangement which required undersigned return $10,000.00 to him after the settlement went through. Though he does not specifically say so, it seems he is arguing the alleged promise to return $10,000.00 to him happened at some point prior to the mediation.[1] Brian Albert has filed an affidavit in support which alleges the same facts.

Prior to Mr. Albert's latest filing, I believed it was possible, though unlikely, he may have been confused about what I meant when I told him about tax consequences of the settlement and how I would take a larger hit on the 1099 during the mediation in order to offset some of the tax burden. Doc. 92, Ex. A, Wooldridge Affidavit, ¶¶ 8-10. However, his most recent affidavits include absolute fabrications and dishonesty that can no longer be characterized as the simple confusion of a *pro se* litigant. Both Mr. Albert and his brother have now perjured themselves in sworn Court documents.

---

[1] The Brad Albert affidavit indicates the only discussion about taxes at the mediation had to do with a pain and suffering component. As such, the Albert brothers are taking the position that the alleged agreement to return money to him did not happened during the mediation. Doc. 92, ¶11.

4

**In regards to Mr. Brad Albert's Affidavit**

- Brad Albert references a conversation I had with him and his brother. Doc. 92, Brad Albert Affidavit ¶ 3. I have never met Brian Albert nor had any conversation with Brian Albert. Brad Albert's insistence that I promised to give him $10,000.00 from my firm's contingency fee is simply not true and is not supported by any documentation. Wooldridge Supplemental Affidavit ¶¶ 3-4.

- All of Brad Albert's statements regarding the meeting where I allegedly gave him $700.00 in an envelope in parking lot are complete fabrications. Doc. 92, ¶¶ 7-10; Wooldridge Supplemental Affidavit, ¶ 5. The telephone call never happened, the Starbucks meeting never happened, the statements never happened, the promises never happened. The quoted statements contained in paragraphs nine and ten 10 are complete fabrications. All of Mr. Brad Albert's statements in paragraph 8-10 are lies. Wooldridge Supplemental Affidavit ¶ 5.

- Brad Albert's recitation of the discussion about taxes at the settlement is a complete fabrication. Doc. 92, Ex. A ¶ 11. Rather, the truth about the

conversations is contained in both the Wooldridge and Parris affidavits. Doc. 92, Exhibits A and B. Wooldridge Supplemental Affidavit ¶ 6.

**In Regards to Mr. Brian Albert's Affidavit**

- Mr. Brian Albert avers that he was on speaker phone during conversations between Brad Albert and myself. Doc. 92 Brian Albert affidavit, Ex. 2, ¶3. I have never known Mr. Brian Albert to be listening in on attorney-client privileged communications via speaker phone. I have never spoke with nor met Mr. Brian Albert. Wooldridge Supplemental Affidavit ¶ 3.

- Brian Albert avers that he was present during a conversation where I allegedly promised to give Mr. Brad Albert $10,000.00 from my firm's portion of any settlement. *Id*. ¶ 3. The conversation Mr. Brian Albert references never happened. Wooldridge Supplemental Affidavit ¶ 4.

- Brian Albert indicates there was a meeting in a Starbucks parking lot where I gave the Albert brothers $700.00 and made certain statements. Brain Albert Affidavit ¶¶ 5-7. This meeting did not occur. The statements did not occur. Brian Albert is lying about this meeting in every way. Wooldridge Supplemental Affidavit ¶ 5.

### III. The Documents All Support Undersigned Counsel's Representation Regarding the Fee Agreement.

Undersigned has provided an affidavit, along with e-mails where Mr. Albert agrees to the $150 + 20% arrangement. Doc. 92, Ex. A, Wooldridge Affidavit ¶ 3, (Ex. A, E-mails). None of the e-mails contain any reference to an alleged promise to return $10,000.00. Moreover, there is no agreement to return $10,000.00 nor any other monetary amount in the Tracy Kennedy Retainer Agreement. Ex-B, Wooldridge Supplemental Affidavit, ¶ 7. This is significant because Mr. Albert agreed to the same agreement as Tracy Kennedy. Doc. 92, Ex. A, Wooldridge Affidavit ¶ 3, (February 10, 2014 e-mail). As such, if there was any agreement to return a portion of money to him, the Court would expect it to also be in the Kennedy agreement. Of course, there is no such provision n Ms. Kennedy's retainer agreement.

### IV. Mr. Albert's Response Is Untimely

Undersigned filed and served his motion for disbursement on July 26, 2018. Doc. 92. A response is due within 14 days from the date the motion is filed. N.D.Ga. LR 7.1B. As such, the response deadline was August 10, 2018. Mr. Albert's Response was filed and served on August 15, 2018. Were the Court to choose, it could certainly hold Mr. Albert to his deadlines and decline to consider his affidavits and his response.

**Conclusion**

Mr. Brad Albert, has gone too far. He has perjured himself in federal filings. He has made defamatory statements against me. He has made up meetings and lied about conversations. He has placed his brother into these conversations and his brother has made similar false statements. The entire purpose of these lies is to convince the court that there was an agreement to return $10,000.00 to him after a settlement. Of course, the documents do not support him in any way. He has not listed dates for alleged meetings, he has not shown any e-mails that would support his statement about us meeting in a parking lot to exchange money, nor has he provided one reference to a document that discusses an agreement to return money to him. Moreover, he has ignored undersigned's reasonable explanation regarding how 1099's are issued and why counsel asked for a larger portion of the settlement check be assigned to the his law firm on a 1099.

In contrast to Mr. Albert's self-serving statements, all the documents show he agreed to pay $150.00 per hour and undersigned had a 20% contingency on any settlement or trial victory: the same agreement Tracy Kennedy had. The Albert brothers simply have no credibility on this issue.

To the extent there are other arguments contained in Mr. Albert's Response that counsel has not specifically addressed, those arguments are all without merit.

8

This 22nd day of August, 2018.

                                                Respectfully Submitted,

                                                /s/ *Thomas C. Wooldridge*
                                                Thomas C. Wooldridge
                                                GA Bar No. 384108

Wooldridge & Jezek, LLP
1230 Peachtree Street NE
Suite 1900
Atlanta, Georgia 30309
Tel 404.942.3300
Fax: 404.942.3301

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRAD ALBERT, </br>    Plaintiff, </br> </br> v. </br> </br> AMERICAN FAMILY INSURANCE </br> COMPANY, et al., </br>    Defendants. | Civil Action No.: </br> 1:14-cv-1112 ELR-JKL |

## **CERTIFICATE OF SERVICE**

On August 22, 2018 undersigned attorney filed this motion using the Courts .ecf system which automatically sends notice of the Motion to Counsel of record for the Defendant.

Undersigned also provided this Motion to Plaintiff Brad Albert via electronic delivery at albert.bradley@att.net and mailed it to Mr. Albert at the following address: P.O. Box 7971 Marietta, Georgia 30065.

This 22nd day of August, 2018.

                                          Respectfully Submitted,

                                        /s/ Thomas C. Wooldridge
                                        Thomas C. Wooldridge
                                        GA Bar No. 384108

Wooldridge & Jezek, LLP
1230 Peachtree Street NE Suite 1900
Atlanta, Georgia 30309
Tel 404.942.3300
Fax: 404.942.3301